IN THE CIRCUIT COURT OF ASHLEY COUNTY, ARKANSAS

BRIAN SKENDER                                                          PLAINTIFF

VS.                                 NO. CV-2017-043-1

C. MARSHALL FRIEDMAN, P.C.,
C. MARSHALL FRIEDMAN AND
KENNETH E. RUDD, JOINTLY AND SEVERALLY              DEFENDANTS

## COMPLAINT

Comes the Plaintiff, Brian Skender, by and through his attorneys, John Ogles and Sandra C. Bradshaw, and for his cause of action for legal malpractice and fraud, against Defendants, C. Marshall Friedman, P.C., C. Marshall Friedman and Kenneth E. Rudd, jointly and severally, states:

1.     That Plaintiff is a residence of Ashley County, Arkansas. Defendants are attorneys in St. Louis, Missouri and they advertise as specialists in railroad cases.

2.     That Plaintiff entered into a contract with Defendants for Defendants to represent him on an injury case against Union Pacific Railroad Company ("UP"). See Exhibit "A".

3.     That Defendants filed Plaintiff's complaint against UP on October 23, 2013. See Exhibit "B".

4.     UP filed its answer on November 25, 2013. See Exhibit "C".

5.     That paragraphs 22 and 23 of UP's answer specifically plead insufficiency of process and insufficient service of process.

6.     Defendants were on notice that there was a service of process issue and process issue.

7.     Defendants did not conduct discovery or do diligent research or investigation to determine if UP was correct in paragraphs 22 and 23.

FILED FOR RECORD
Ashley County, Arkansas
at ___1.15___ o'clock ___ m

MAR 06 2017

VICKIE SZELL, CIRCUIT CLERK
By_____ DC

1

8.    That UP filed its motion to dismiss Plaintiff's complaint on July 20, 2015 which is after the statute of limitations had expired. See Exhibit "D".

9.    That the Plaintiff's case was dismissed on September 17, 2015 without prejudice. See Exhibit "E".

10.    That UP appealed and the Arkansas Court of Appeals reversed on the issue of whether the case should be dismissed without prejudice. See Exhibit "F".

11.    That after the case was remanded, Defendant filed another lawsuit against UP.

12.    UP filed another motion to dismiss which was granted with prejudice. See Exhibit "G".

13.    That Defendants never told Plaintiff that the case was dismissed at any point of the representation either in 2015 or 2016 which is in violation of ethics rules for Arkansas lawyers.

14.    Defendants at all times had a duty to keep the client informed and updated on their representation of him.

15.    That pursuant to AMI 1510 Defendants had a duty to possess and use with reasonable diligence the skill ordinarily used by attorneys acting in the same or similar circumstances.

16.    That Defendants' actions are the proximate cause of Plaintiff's damages.

17.    That Plaintiff would have prevailed in his lawsuit against UP but for Defendants' negligence.

18.    That paragraphs 7, 8 and 9 of the complaint Defendants filed set out Plaintiff's damages.

19.    That Plaintiff has incurred physical injury, medical bills and loss of income and will incur the same in the future.

20.     Plaintiff's damages exceed $100,000.00.

21.     Plaintiff requests punitive damages against Defendants because they tried to hide from Plaintiff that his case had been dismissed, appealed and subsequently dismissed with prejudice.

22.     Plaintiff requests a jury trial.

WHEREFORE, Plaintiff, Brian Skender, requests this Court grant him judgment against the Defendants, C. Marshall Friedman, P.C., C. Marshall Friedman and Kenneth E. Rudd, Jointly and Severally, for compensatory and punitive damages all in excess of $100,000.00, and for all other proper relief, including costs and attorney's fees.

Respectfully submitted,

Sandra C. Bradshaw   *Ar Bar 92270*
P.O. Box 249
215 Main Street
Crossett, AR 71635
*870/364-4300*


John Ogles
Arkansas Bar No. 89003
Texas Bar No. 00797922
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
(501) 982-8339
jogles@aol.com

LAW OFFICES

# C. MARSHALL FRIEDMAN

*A Professional Corporation*

C. Marshall Friedman
Kenneth E. Rudd
Scott A. Friedman
Robert J. Friedman

Thirteenth Floor
1010 Market Street
St. Louis, Missouri 63101
1-800-233-7696
314-621-8400
Fax 314-621-8843
www.marshallfriedman.com

## EMPLOYMENT AGREEMENT

St. Louis, Missouri, Date:_____

I hereby employ The Law Offices of C. Marshall Friedman, P.C. as my attorney at law to represent me in my claim against *Union Pacific* _____ founded upon _____ injuries I sustained on-the-job on the *11* day of *July*, 201*2*.

For your services I agree to pay you a sum equal to 25%* of the amount collected, whether same is recovered by compromise or by suit, plus expenses.**

I have fully read and understand the "terms and conditions" section below and I agree to the association of additional lawyer(s) outside of the Law Offices of C. Marshall Friedman, P.C., at no additional cost to me, if this will further my case.

[signature]

(PLAINTIFF'S FULL NAME HERE)

Terms and conditions:

*Contingency fee due to C. Marshall Friedman, P.C. (based on percentage noted above) is calculated based on total amount recovered, before deduction of expenses.

**Expenses consist of the retail market cost of services and expenditures attributable to your case, including, but not limited to, medical records, hospital records, therapeutic records, filing fees, service fees, notary fees, transcript charges, travel expenses, investigation expenses/fees, costs of analysts, costs of experts, witness fees, online legal research, photocopies, postage, delivery, and telephone charges, and are to be paid by you, after calculation and payment of contingency fee, but are only due if you are the prevailing party (by compromise or suit).

--End of document--

EXHIBIT *A*

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

BRIAN SKENDER,                        )
                                      )
              Plaintiff,              )
                                      )        Personal Injury
       v.                             )        Fed. Emp. Liab. Act
                                      )
UNION PACIFIC RAILROAD                )
COMPANY,                              )        Cause No: CV-2013-532-2
a Corporation,                        )
                                      )
SERVE:                                )
       Registered Agent               )
       The Corporation Company        )
       124 West Capitol Avenue        )
       Suite 1900                     )
       Little Rock, AR 72201          )
                                      )
              Defendant.              )

## COMPLAINT

Comes now Plaintiff BRIAN SKENDER, by and through his attorneys, and for his cause of action against defendant Union Pacific Railroad Company states as follows:

1.     Defendant Union Pacific Railroad Company (UPRR) is now and was at all times herein mentioned a duly organized and existing corporation engaged in the business of operating a railway system in interstate commerce.

2.     At all times herein mentioned, Plaintiff has been employed by the defendant as a carman and engaged with the defendant in interstate commerce and in the furtherance of interstate commerce.

3.     Plaintiff is a citizen of the United States of America and invokes the

EXHIBIT  B

FILED IN MY OFFICE AND SUMMONS
ISSUED AT  1:22 O'CLOCK A M

rights, privileges and immunities of his citizenship including those recognized and protected by the United States Constitution including Articles IV, Section 2; and Amendment XIV thereto.

4.    This action is instituted and prosecuted under the applicable provisions of 45 USC §51 et. seq., commonly known as the Federal Employers' Liability Act.

5.    On Wednesday, July 11, 2012, while engaged in the course and scope of his employment as a carman and working in the supply area at UPRR's Pine Bluff Arkansas Repair Track, Plaintiff was manually carrying and transporting an AB brake piston when Plaintiff suddenly slipped on a wet and muddy concrete walkway and work surface and fell striking the ground.   As a result, in whole or in part, of the defective and insufficient condition of the concrete walkway and work surface, the negligence of defendant UPRR, its agents, servants, and employees, as described hereafter, and the occurrence described above, Plaintiff sustained the serious, painful, progressive and permanent injuries mentioned below.

6.    Plaintiff states that the aforesaid occurrence and his injuries and damages resulted, in whole or in part, from the negligence of defendant UPRR, its agents, servants, and employees in the following particulars:

a.    Defendant failed to provide reasonably safe conditions for work and defendant knew or, in the exercise of ordinary care, should have known of such conditions and that such conditions would reasonably likely cause substantial harm;

b.    Defendant failed to provide reasonably safe methods of work and defendant knew or, in the exercise of ordinary care, should have known thereof and that same would reasonably likely

cause substantial harm;

c.    Defendant failed to provide reasonably safe tools, equipment and appliances for work and defendant knew or, in the exercise of ordinary care, should have known thereof and that same would reasonably likely cause substantial harm;

d.    Defendant failed to provide reasonably proper supervision and defendant knew or, in the exercise of ordinary care, should have known thereof and that same would reasonably likely cause substantial harm;

e.    Defendant failed to provide a workplace free from recognized hazards that were likely to cause serious injury.

7.    As the result, in whole or in part, of the aforesaid occurrence and the negligence of the defendant, its agents, servants and employees, plaintiff sustained serious, painful, permanent, progressive and disabling injuries to his low back, lumbar spine, and right forearm.  The foregoing occurrence activated, accelerated and aggravated conditions thereof.  As a result of the foregoing, Plaintiff has suffered and will forever suffer severe pain, numbness, limitation of motion, function, diminished reflexes, loss of strength, and loss of use of the foregoing, and that plaintiff will sustain traumatically induced, activated, aggravated and accelerated arthritic changes as a result thereof.

8.    As a result, in whole or in part, of the aforesaid occurrence and the negligence of the defendant, its agents, servants, and employees, Plaintiff has been caused to undergo necessary medical, diagnostic, therapeutic, and surgical intervention, care and treatment, has become obligated for the expenses of such care and treatment, and will be required to undergo and will be obligated for the expenses of such care and treatment in the future.

9.    As a result, in whole or in part, of the aforesaid occurrence and the negligence of the defendant, its agents, servants, and employees, Plaintiff has incurred a substantial wage and income loss and his ability to work and labor has been and will forever be seriously impaired, diminished, lessened and lost.

10.    Plaintiff requests trial by jury on all issues which can be submitted to the jury under the F.E.L.A.

WHEREFORE, Plaintiff prays this Court enter Judgment in his favor and against the defendant and award such sum as is fair and reasonable under the circumstances, together with postjudgment interest thereupon, and his costs expended herein, said judgment to be in excess of SEVENTY-FIVE THOUSAND DOLLARS  ($75,000.00), and for any further relief this Court deems just and appropriate.

C. MARSHALL FRIEDMAN, P.C.

BY: _____
KENNETH E. RUDD, ABE #91202
1010 Market Street, Suite 1340
St. Louis, Missouri 63101
Phone: (314) 621-8400
Fax: (314) 621-8843

SANDRA C. BRADSHAW
P. O. Box 249
215 Main Street
Crossett, AR 71635
Phone: (870) 364-4300
Fax: (870) 364-4333

# THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## CIVIL DIVISION

RECEIVED
PLSO/JUDICIAL

13 NOV -7 AM 8:17

**BRIAN SKENDER**
**PLAINTIFF(s)**

v.

No: CV-2013-532-2

**UNION PACIFIC RAILROAD**
**COMPANY,**
**a Corporation,**
**DEFENDANT(s)**

11-8-13
14 25

**Registered Agent**
**The Corporation Company**
**124 West Capitol Avenue**
**Suite 1900**
**Little Rock, AR 72201**
**CLAIMANT(s)**

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT: Registered Agent, The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Ar. 72201**
A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) _ or 60 says if you incarcerated in any jail, penitentiary, or other correctional facility in Arkansas -- you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Kenneth E. Rudd, 1010 Market Street, Thirteenth Floor, St. Louis, MO 63101

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

P.O. Box 7433
Pine Bluff, AR 71611

FILED
NOV 18 2013
LAFAYETTE WOODS, SR.
Circuit Clerk
JEFFERSON COUNTY, ARKANSAS

Lafayette Woods, Sr., Circuit Clerk

_____ D.C.
Clerk or Deputy Clerk

Date: October 25, 2013

Add. 5

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual
at_____ on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual
by_____after he/she refused to receive it when I offered it to
him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at_____ [address]
with_____ [name], a person at least 14 years of age who resides
there, on_____ [date]; or

☒ I delivered the summons and complaint to _The Corporation Company_ [name of
individual], and agent authorized by appointment or by law to receive service of
summons on behalf of _Union Pacific Railroad_ [name of defendant]
on _11-8-13_ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt
requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by
first-class mail to the defendant together with two copies of a notice and
acknowledgement and received the attached notice and acknowledgement form
within twenty days after the date of mailing.

☐ Other[specify]:_____

☐ I was unable to executed service because:_____
_____

My fee is$_____

To be completed if service is by a sheriff or deputy sheriff: DOC HOLLADAY, SHERIFF   DOC HOLLADAY, SHERIFF

Date: _11-8-13_   SHERIFF OF _Pulaski_ COUNTY, ARKANSAS

By: _Les Turner_
_Les Turner_ _deputy_
[Printed name, title, and badge number]

To be completed if service is by a person other than a sheriff or deputy sheriff:

Date:_____   By:_____
[Signature of server]

_____
[Printed name]

Address:_____
_____
Phone:_____

Subscribed and sworn to before me this date:_____
My commission expires:_____   _____
Notary Public

Additional information regarding service or attempted service:

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

BRIAN SKENDER                                                    PLAINTIFF

VS.                                  CASE NO. CV-2013-532-2

UNION PACIFIC RAILROAD COMPANY                                  DEFENDANT

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, Union Pacific Railroad Company, and for its Answer to the Complaint states:

1.      Defendant admits the allegations contained in paragraph 1 of the Complaint.

2.      Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.      Regarding the allegations contained in paragraph 3 of the Complaint, Defendant admits that Plaintiff is a citizen of the United States of America and the existence of the United States Constitution, but denies the application herein.

4.      Defendant admits the existence of 45 U.S.C. § 51, *et seq.,* but denies its application herein.  Defendant is without sufficient information to admit or deny the remaining allegations contained within Paragraph 4 of the Plaintiff's Complaint.

5.      Defendant denies the allegations contained within Paragraph 5 of the Plaintiff's Complaint.

6.      Defendant denies the allegations contained within Paragraph 6 of the Plaintiff's Complaint, including all sub-parts.

7.      Defendant denies the allegations contained within Paragraph 7 of the Plaintiff's Complaint.

FILED

EXHIBIT __C__

8.      Defendant denies the allegations contained within Paragraph 8 of the Plaintiff's Complaint.

9.      Defendant denies the allegations contained within Paragraph 9 of the Plaintiff's Complaint.

10.     Defendant also demands a jury trial.

11.     Defendant denies the allegations contained within the WHEREFORE clause of Plaintiff's Complaint.

12.     Defendant reserves the right to amend its Answer by asserting other affirmative defenses as they become evident throughout the course of discovery.

13.     All allegations not admitted herein are specifically and generally denied.

14.     Pleading affirmatively, if the Plaintiff sustained any injury or damages, such injury or damages were caused by the Plaintiff's own fault and/or the fault of others for whom this Defendant had no legal responsibility.

15.     Pleading affirmatively, Union Pacific states that sick pay, medical bills, supplemental benefits, advances, and/or Railroad Retirement Board benefits may have been paid to or on behalf of Plaintiff so Union Pacific may be entitled to a right of set-off and off-set.

16.     Pleading affirmatively, the Defendant states that Plaintiff's Complaint fails to state with sufficient particularity or definiteness, the manner in which the alleged negligence on the part of the Defendant caused or contributed to the cause of Plaintiff's alleged injury and damages.

17.     Pleading affirmatively, Plaintiff has failed to mitigate his damages.

18.     To the extent Plaintiff was aware of his injury(s) three years prior to this lawsuit being filed, Defendant pleads statute of limitations as an affirmative defense.

19.    Pleading affirmatively, Plaintiff's Complaint fails to state facts upon which relief can be granted.

20.    Pleading affirmatively, Plaintiff's negligence was the sole cause of any injuries or damages Plaintiff has sustained.

21.    Pleading affirmatively, Defendant states that Plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions and/or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence(s) made the basis of Plaintiff's Complaint against Defendant, such that responsibility for such damages and/or injuries should be apportioned among pre-existing, contributory, or concurrent factors.

22.    Pleading affirmatively, Defendant states insufficient process.

23.    Pleading affirmatively, Defendant states insufficient service of process.

24.    Pleading affirmatively, Defendant states that there is a lack of personal jurisdiction and subject matter jurisdiction over Defendant.

25.    Pleading affirmatively, Defendant states that this matter is barred by accord and satisfaction, release, and prior payment.

26.    Union Pacific reserves its right to further amend its answer and defenses herein based on further discovery and as justice may require. Specifically Union Pacific; reserves the right to plead further and reserves objections on the basis of pendency of another action between the same parties arising out of the same transaction or occurrence, improper venue, failure to join a party under Rule 19, and the affirmative defenses available under Rule 8, including but not limited to arbitration and award, discharge in bankruptcy, payment, release, res judicata, statute of frauds, waiver, and any other matter constituting an avoidance or affirmative defense.

WHEREFORE, Defendant hereby answers the Plaintiff's Complaint and is entitled to as dismissal as set out above, its fees and expenses and all other relief to which it may be entitled.

Respectfully submitted,

James C. Baker, Jr.  #86009
Jamie Huffman Jones #2003125
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522
(501) 370-1430 - Telephone
(501) 244-5340 - Facsimile
jjones@fridayfirm.com - Email

*Defendants Union Pacific Railroad Company*

By: _Jamie Huffman Jones_

## CERTIFICATE OF SERVICE

I, James C. Baker, Jr., hereby certify that a copy of the foregoing has been served upon the following counsel of record on this 22nd day of November, 2013:

Kenneth E. Rudd
C. Marshall Friedman, P.C.
1010 Market Street, Suite 1340
St. Louis, MO 63101

Sandra C. Bradshaw
P. O. Box 249
215 Main Street
Crossett, AR 71635

_Jamie Huffman Jones_

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

BRIAN SKENDER                                                  PLAINTIFF

VS.                              CASE NO. CV-2013-532-2

UNION PACIFIC RAILROAD COMPANY                                 DEFENDANT

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

For its Motion to Dismiss, Defendant Union Pacific Railroad Company ("Union Pacific") states as follows:

1.    No summons was served on Union Pacific, resulting in a defective and improper service and service of process.  *See* Ark. R. Civ. P. 12(b)(4)-(5). Plaintiff had to obtain proper service on the defendants within 120 days from the filing of the original complaint. *See Bell v. Jefferson Hosp. Ass'n*, 96 Ark. App. 283, 286-87, 241 S.W.3d 276, 277-78 (2006) (indicating that the original or amended complaint must be properly served within 120 days of the filing of the original complaint).

2.    The time for serving Union Pacific has run, *see* Ark. R. Civ. P. 4(i), and the three-year statute of limitations on the Plaintiff's claims has expired, 45 U.S.C. §56.

3.    Union Pacific incorporates the following herein as if set out in full:

    a.  Memorandum of Law filed contemporaneously herewith;

    b.  Affidavit of Amy McClaren, attached hereto as Exhibit 1.

WHEREFORE, premises considered, Union Pacific Railroad Company respectfully requests that the Plaintiff's Complaint be dismissed with prejudice, for its fees and costs, and for all other relief to which it is entitled.

FILED

JUL 3 0 2015

LAFAYETTE WOODS, SR.
CIRCUIT CLERK
JEFFERSON COUNTY, ARKANSAS

10100.1463/4412414.1                          1

EXHIBIT  D

Respectfully submitted,

James C. Baker, Jr. #86009
Jamie Huffman Jones #2003125
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522
(501) 370-1430 - Telephone
(501) 244-5340 - Facsimile
jjones@fridayfirm.com - Email

*Defendants Union Pacific Railroad Company*

By: _____
        Jamie Huffman Jones

## CERTIFICATE OF SERVICE

I, James C. Baker, Jr., hereby certify that a copy of the foregoing has been served upon the following counsel of record on this ___ day of July, 2015:

Kenneth E. Rudd
C. Marshall Friedman, P.C.
1010 Market Street, Suite 1340
St. Louis, MO 63101

_____
        Jamie Huffman Jones

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

BRIAN SKENDER,                        )
                                      )
            Plaintiff,                )
                                      )
v.                                    )
                                      )
UNION PACIFIC RAILROAD                )
COMPANY,                              )·      Cause No:  CV-2013-532-2
a Corporation,                        )
                                      )       Judge Robert Wyatt, Jr.
            Defendant.                )

ORDER

On the 17th day of September, 2015, Defendant Union Pacific Railroad Company's Motion to Dismiss Complaint was called for hearing.  Filed with the Court before the hearing date and considered by the Court were Defendant's Motion to Dismiss Plaintiff's Complaint with attached Exhibit 1-Affidavit of Amy McLaren, Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss Complaint,  Defendant's Supplement to Its Motion to to Dismiss Plaintiff's Complaint, · Plaintiff Brian Skender's.Response to Defendant Union·Pacific Railroad Company's Motion to Dismiss Complaint with Exhibits A, B, C, and D, Plaintiff's Objections/Motion to Strike, Affidavit of Kenneth E. Rudd, Plaintiff's Request the Court Take Judicial Notice Pursuant to Rule 201, Defendant's Reply in Support of Its Motion to Dismiss Plaintiff's Complaint and Response to Objections to Motion to Strike and Response to Request to Take Judicial Notice, Plaintiff's Second Objections and Motion to Strike, and Defendant's Response to Plaintiff's Second Objections and Second Motion to Strike.

The parties appeared by counsel, Jamie Jones for Defendant, Union Pacific Railroad Company, and Kenneth E. Rudd for Plaintiff Brian Skender, and oral arguments were presented.  No testimony nor any new or additional exhibits were offered into evidence at the hearing.  The Court·finds that this civil action was filed on October 25, 2013, and that Deputy Court Clerk Roland Daniels issued the summons on that date.  The Court further finds that service of process, both summons and complaint, was completed within 120 days of the filing date by Pulaski County Deputy Sheriff Ken Turner serving the summons and complaint on The Corporation Company, Defendant Union Pacific Railroad Company's registered agent, on November 8, 2013.  This Court further finds that the summons so served was deficient in that it failed to include the

name "Union Pacific Railroad Company" and address following the phrase "THE
STATE OF ARKANSAS DIRECTED TO DEFENDANT" on the summons and, thereby,
failed to comply with Rule 4 (b) ARCP. *Shotzman v. Berumen*, 363 Ark. 215, 228, 213
S.W.3d 13, 20 (2005) and *Hall v. State Farm Bank*, 2015 Ark.App. 287 (Ark.App.Div. III,
May 6, 2015) The Court further finds that the timely completed service of the deficient
summons and the complaint by the Pulaski County Sheriff's Office within 120 days of
the filing constituted the timely commencement of this FELA civil action within the
meaning of *Clouse v. Tu*, 101 Ark.App.260, 274 S.W.3d 260 (Ark.App.2008) so that
Defendant Union Pacific Railroad Company's motion to dismiss with prejudice premised
upon Defendant's contention refiling is barred by expiration of the applicable statute of
limitation is DENIED. This Court, however, hereby DISMISSES the current complaint,
without prejudice, pursuant to Rule 4 (i) ARCP.

IT IS SO ORDERED.

_____
Robert Wyatt, Jr. Circuit Court Judge, Division 2
Jefferson County Circuit Court

Date: ___10-19-15___

Kenneth E. Rudd
FAX NO: (314) 621-8843

2

P. 168 3

489 S.W.3d 176 (2016)
2016 Ark. App. 206

## UNION PACIFIC RAILROAD COMPANY, Appellant

### v.

### Brian SKENDER, Appellee.

<u>No. CV-15-1050.</u>

**Court of Appeals of Arkansas, Division I.**

Opinion Delivered April 13, 2016.

177   *177 Appeal from the Jefferson County Circuit Court [No. 35CV-13-532], Honorable Robert H. Wyatt, Jr., Judge.

Reversed and Remanded on Direct Appeal; Affirmed on.

Friday, Eldredge & Clark, LLP, Little Rock, by: Robert S. Shafer and Jamie Huffman Jones, for appellant.

McKissic & Associates, PLLC, Pine Bluff, by: Jackie B. Harris, for appellee.

PHILLIP T. WHITEAKER, Judge.

This appeal arises from the dismissal without prejudice of a Federal Employers' Liability Act (FELA)[1] complaint filed by appellant, Brian **Skender**, against the Union Pacific Railroad Company (UPRR). UPRR filed a timely notice of appeal of the trial court's determination that the complaint should be dismissed without prejudice (i.e., direct appeal). **Skender** then filed a timely notice of cross-appeal from the trial court's determination that the summons was fatally deficient. We reverse and remand on direct appeal. We affirm on cross-appeal.

# I. *Validity of Summons*

Because a finding of error on the cross-appeal would cause the direct appeal to be moot, we address it first. In order to address the merits of the cross-appeal, a brief understanding of the facts and procedural history of the case is essential.

On July 11, 2012, **Skender** was injured while working at a UPRR repair track in Pine Bluff, Arkansas. He timely filed and served his FELA claim against UPRR on October 25, 2013. UPRR filed an answer denying **Skender's** claims and pleading, among other 12(b) defenses, insufficiency of process and insufficiency of service of process.

On July 25, 2014, shortly after the statute of limitations had run on **Skender's** claim,[2] UPRR filed a motion to dismiss with prejudice, alleging that it had not been served with a summons. **Skender** responded, asserting that summons had been served with the complaint and attaching the Sheriff's proof of service indicating that a copy of the summons and complaint had been served on The Corporation Company, UPRR's registered agent for service of process. UPRR then renewed its motion, contending that the summons purportedly served with the complaint was fatally defective in that it was directed to its registered agent rather than to UPRR. **Skender** responded denying that the summons was fatally deficient. After reviewing the pleadings and hearing arguments of counsel, the trial court granted UPRR's motion to dismiss finding the summons was fatally deficient. In his cross-appeal, **Skender** challenges the trial court's determination that the summons issued in this case was fatally deficient. We now turn our attention to the summons issued by the clerk in this case.

Our attention to the summons will focus on two sections: the caption of the summons and the "directed to" provision of the summons. The caption correctly designated UPRR as the defendant in the action, but then listed its registered agent as a "Claimant." The "directed to" provision of the summons then provided, in part.

EXHIBIT _F_

February 22, 2017

Case 1:17-cv-01025-SOH Document 3 Filed 03/30/17 Page 20 of 26 PageID #: 56

"THE STATE OF ARKANSAS TO DEFENDANT: Registered Agent-The Corporation Company 124 West Capitol *178 Avenue, Suite 1900, Little Rock, Ar. 72201 A lawsuit has been filed against *you*. The relief demanded is stated in the attached complaint. Within 30 days after service of summons on *you* (not counting the day you received it) ... *you* must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

(Emphasis added.)

Clearly the "directed to" provision of the summons incorrectly listed the The Corporation Company, rather than UPRR, as the defendant against whom the lawsuit was pending, the defendant who had been served, and the defendant responsible for filing an answer. The trial court found that because the summons failed to include the name "Union Pacific Railroad Company" and its address following the phrase "THE STATE OF ARKANSAS DIRECTED TO DEFENDANT," it failed to strictly comply with Rule 4 of the Arkansas Rules of Civil Procedure.[3]

Our law is well settled. A circuit court acquires no jurisdiction over a defendant unless the plaintiff strictly complies with the service-of-process rules. *Simmons Ltd. P'ship v. Finch*, 2010 Ark. 451, 370 S.W.3d 257; *Cagle v. Terwilliger*, 2015 Ark. App. 191, 458 S.W.3d 770. Strict compliance specifically applies to the technical requirements of a summons, and a defendant's personal knowledge of the litigation will not cure a fatal defect in the summons. See *Earls v. Harvest Credit Mgmt. VI-B, LLC*, 2015 Ark. 175, 460 S.W.3d 795, and *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003). This court reviews a circuit court's factual conclusions regarding service of process under a clearly-erroneous standard, and when dismissal is a matter of law, the court conducts a de novo review of the record. *McMahan v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 590, 446 S.W.3d 640.

Our supreme court has held that "statutory service requirements, being in derogation of common law rights, must be strictly construed and compliance with them must be exact." *Steward v. Kuettel*, 2014 Ark. 499, at 8, 450 S.W.3d 672, 676; *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 374-75, 921 S.W.2d 944, 945 (1996); *Hall v. State Farm Bank, supra*. **Skender** acknowledges this rule, but cites to our supreme court's decision in *Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004), to support his contention that a literal application of the rule in this case would lead to an absurd consequence because UPRR never argued that they were not on notice of the suit or that they were denied an opportunity to be heard. In fact, UPRR timely answered the complaint and participated in the litigation.

**Skender's** argument must fail for two reasons. First, our supreme court has clearly held that a defendant's personal knowledge of the litigation does not cure a fatal defect in the summons. *Earls v. Harvest Credit Mgmt. VI-B, LLC, supra*. Second, the *Nucor* case cited by **Skender** is distinguishable. In *Nucor*, the defendant was correctly named in the summons, but its codefendants were not. Thus, *Nucor* was clearly apprised on the face of the summons of the pendency of the suit against it. Here, UPRR was not correctly named in the summons. While it was listed as the sole defendant in the caption, the summons was not directed to it in the body of the document as required under *179 our rules. To make matters even more confusing, its registered agent — which was inexplicably listed as a claimant in the caption — was listed as the defendant to whom the summons was directed in the body of the summons. Thus, unlike *Nucor* who was correctly listed in both places in the summons, UPRR was incorrectly identified. Thus, the trial court's determination that the summons was fatally deficient was not in error.

## II. *Dismissal With or Without Prejudice*

We next turn to the issue on direct appeal — whether the dismissal should have been issued with or without prejudice. Below, UPRR argued that the court should dismiss with prejudice due to the defective summons. While disagreeing that the summons was defective, **Skender** argued, in the alternative, that equitable tolling would allow a dismissal without prejudice. The court found that the refiling of **Skender's** claim was not barred by the statute of limitations, citing an Arkansas savings statute case,[4] and ordered the dismissal to be without prejudice. UPRR contends that the trial court erred in applying the Arkansas savings statute in a FELA action and that, because the statute of limitations had run on **Skender's** claim, the trial court erred in dismissing the complaint without prejudice. UPRR also contends on appeal that

**Skender is not entitled to an equitable tolling of the limitations period under federal law.**

We agree with UPRR's contention that the trial court erred in applying the Arkansas savings statute. Relying on *Clouse v. Tu, supra,* an Arkansas savings statute case, the trial court ruled that because service was perfected within 120 days of the timely commencement of the FELA action, **Skender** was not barred by the statute of limitations from refiling his complaint. However, the United States Supreme Court has clearly stated that the savings statutes of the individual states do not apply in FELA actions. *See Burnett v. N.Y. Cent. R.R. Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). Thus, the trial court's reliance on the Arkansas savings statute was erroneous as a matter of law.

This does not automatically conclude **Skender's** case, however. Federal law also allows the statute of limitations to be tolled under certain circumstances, and **Skender** argued to the trial court that equitable tolling should apply in this case. Because the trial court found that the savings statute applied, it did not make any findings with respect to **Skender's** equitable tolling argument. As a result, we remand this issue to the trial court to make the requisite findings on whether equitable tolling is available to suspend the statute and whether dismissal with or without prejudice is appropriate.

Reversed and remanded on direct appeal; affirmed on cross-appeal.

Gladwin, C.J., and Harrison, J., agree.

[1] 45 U.S.C. § 51 *et seq.*

[2] A FELA claim has a three-year statute of limitations.

[3] Arkansas Rule of Civil Procedure 4(b) (2015) governs the form and content of a summons, including that it shall "be directed to the defendant." *Hall v. State Farm Bank,* 2015 Ark. App. 287, at 2, 462 S.W.3d 701, 703.

[4] *Clouse v. Tu,* 101 Ark. App. 260, 274 S.W.3d 344 (2008).

Save trees – read court opinions online on Google Scholar.

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

BRIAN SKENDER                                                    PLAINTIFF

VS.                          CASE NO. CV-2013-532-2

UNION PACIFIC RAILROAD COMPANY                                  DEFENDANT

AND

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

BRIAN SKENDER                                                    PLAINTIFF

VS.                          CASE NO. 35-CV-15-586

UNION PACIFIC RAILROAD COMPANY                                  DEFENDANT

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On December 2, 2016, the parties appeared by and through their counsel for arguments following the remand of Case Number CV-2013-532-2 by the Arkansas Court of Appeals. After a review of the briefings on the issue and of the argument of counsel, this Court states as follows:

1.    The doctrine of law of the case applies and is governed by the Court of Appeals April 13, 2016 decision. *Union Pac. R.R. Co. v. Skender*, 2016 Ark. App. 206, 489 S.W.3d 176 (2016). *See also Vandiver v. Banks*, 331 Ark. 386, 391—92, 962 S.W.2d 349 (1998) (describing the doctrine of the law of the case). In the April 13, 2016 decision, the Court of Appeals held that this Court's "determination that the summons was fatally deficient was not in

FILED

JAN 1 0 2017

LAFAYETTE WOODS, SR.
Circuit Clerk
JEFFERSON COUNTY, ARKANSAS

1.

EXHIBIT 6

error." *Id.* at *5.  The Court of Appeals then held that federal law applies and remanded as follows:

> Federal law allows the statute of limitations to be tolled under certain circumstances, and Skender argued to the trial court that equitable tolling should apply in this case.  Because the trial court found that the savings statute applied, it did not make any findings with respect to Skender's equitable tolling argument.  As a result, we remand this issue to the trial court to make the requisite findings on whether equitable tolling is available to suspend the statute and whether dismissal with or without prejudice is appropriate.

*Id.* at *6.  Thus, this Court is "to make the requisite findings on whether equitable tolling is available to suspend the statute and whether dismissal with or without prejudice is appropriate."

2.     The Court of Appeals has already concluded the question whether the FELA statute of limitations may or should be tolled in a given case is a matter of federal law. *Id.*; *see also Burnett v. New York C. R. Co.*, 380 U.S. 424, 435, 85 S.Ct. 1050, 13 L.Ed. 2d 941 (1965) (adopting a "uniform rule" with regard to the tolling of FELA claims that are filed in an improper venue); *Huett v. Illinois Cent. Gulf R.R.*, 644 N.E.2d 474, 476 (1994) (holding that federal law governs whether the FELA limitations period may be tolled). Thus, state law is unavailing as this case will be decided under Federal law.

3.     Under Federal law, the mere filing of an action on a Federal claim does not toll the limitations period with respect to another action on the same claim. *Gatlin v. Mo. Pacific R.R. Co.*, 631 F.2d 551, 554 (8th Cir. 1980) (stating that "a dismissal without prejudice leaves the situation ... the same as though

2

the suit had never been brought and a party cannot deduct from the limitations period the time during which the action so dismissed was pending") (action under the Railway Labor Act); *Walstrom v. City of Altoona*, No. 3:2006-81, 2008 WL 5411091, at *12 (W.D. Pa. Dec. 29, 2008) (stating that "the general federal rule concerning the issue of tolling is that the commencement of one action does not toll the statute of limitations applicable to another") (action under the Rehabilitation Act). Federal equitable tolling is an exception to this general rule. *Kelley v. CSX Transp., Inc.*, No. 2:04CV137, 2006 WL 952216, at *6 (W.D. Pa. Apr. 12, 2006).

4.      Under Federal law, "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. U.S.*, 136 S.Ct. 750, 755, 193 L.Ed. 2d 652, 2016 U.S. LEXIS 971 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2546, 177 L. Ed. 2d 130 (2010)).

5.      With these elements in mind, this Court finds as follows:

A.      This is an FELA case concerning an injury alleged to have occurred on July 11, 2012.   Complaint Case Number CV-2013-532-2, ¶¶ 4–5. Case Number CV-2013-532-2 was filed on October 25, 2013.

B.      The summons was fatally defective. *Union Pac. R.R. Co. v. Skender*, 2016 Ark. App. 206, *5, 489 S.W.3d 176 (2016). The summons "incorrectly listed [The] Corporation Company, rather than UPRR, as the defendant

3

responsible for filing an answer" and failed to include UPRR's address. *Id.* at 83.

C.   Union Pacific timely answered on December 2, 2013, denying the claims and pleadings, amongst other defenses, the defenses of "insufficiency of process" and "insufficiency of service of process." *Union Pac. R.R. Co. v. Skender,* 2016 Ark. App. 206, *2, 489 S.W.3d 176 (2016).

D.   The statute of limitations expired on July 11, 2015, three years after the alleged traumatic incident. 45 U.S.C. § 56; *Fletcher v. Union Pacific R.R. Co.,* 621 F.2d 902, 906 (8th Cir. 1980).

E.   The Plaintiff took no action with respect to this case, until after Union Pacific filed its Motion to Dismiss on July 20, 2015.

F.   The Plaintiff never sought any explanation from Union Pacific as to the defenses of "insufficiency of process" and "insufficiency of service of process."

G.   The Plaintiff never attempted to re-serve a corrected summons within the 120 days or to request an extension in order to re-serve a corrected summons.

H.   The Plaintiff never conducted any discovery of his claim.

I.   Plaintiff did not respond to Union Pacific's discovery until after Union Pacific filed its Motion to Compel. *See Exhibits* to Union Pacific's Reply in Support of Motion to Dismiss.

J.   Following this Court's dismissal of Case Number CV-2013-532-2, Plaintiff filed Case Number 35-CV-15-586 on October 23, 2015. The claims and

4

allegations are identical. Union Pacific timely answered, and raised the defense of statute of limitations.

K.     Plaintiff has not met the two elements required for Federal equitable tolling, namely, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Memominee Indian Tribe of Wis. v. U.S.*, 136 S.Ct. 750, 755, 193 L.Ed. 2d 652, 2016 U.S. LEXIS 971 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2546, 177 L. Ed. 2d 130 (2010)).

L.     Accordingly, this Court concludes as a matter of law that equitable tolling does not apply in this case to toll the expiration of the statute of limitations and that the dismissal required of both CASE NO. CV-2013-532-2 and CASE NO. 35-CV-15-586 is **with prejudice.**

SO ORDERD this *10* day of *January*, 2016.

_____
ROBERT H. WYATT, JR., CIRCUIT
COURT JUDGE

Prepared by:

_____
Jamie Huffman Jones, No. 2003125
FRIDAY ELDREDGE & CLARK
400 West Capitol, Suite 2000
Little Rock, AR 72201-3522
(501) 370-1430 – Telephone
(501) 244-5340 – Facsimile
jjones@fridayfirm.com – Email

*Attorneys for Union Pacific Railroad*

5