IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BRIAN SKENDER,                                                    PLAINTIFF

VS.                          NO. 1:17-CV-01025-SOH

C. MARSHALL FRIEDMAN, P.C.,
C. MARSHALL FRIEDMAN AND
KENNETH E. RUDD, JOINTLY AND
SEVERALLY                                                         DEFENDANTS

## OBJECTION AND MOTION TO QUASH SUBPOENA
## PURSUANT TO FRCP 45 WITH BRIEF INCORPORATED

Comes the Plaintiff, Brian Skender, by his attorneys, John Ogles and Sandra C. Bradshaw, pursuant to FRCP Rule 45 with brief incorporated, states:

1.      That the Defendant has noticed Plaintiff's attorney Sandra C. Bradshaw for deposition. See Exhibit A.

2.      That Plaintiff's attorney was not the attorney for Plaintiff in the underlying civil case. See Exhibit B which is Plaintiff's motion to withdraw. See Exhibit C which is the order allowing Plaintiff's attorney to withdraw. See Exhibit D which is the contract between Plaintiff and Defendants. Bradshaw is not mentioned.

3.      Defendant Rudd put his malpractice carrier on notice and admitted liability. See Exhibit E.

4.      That Defendants have known throughout this litigation that Ms. Bradshaw was the referring attorney. See Exhibit F.

5.      That this case was originally filed in Ashley County, Arkansas. Defendants chose not to cross-claim against Ms. Bradshaw because diversity would be defeated. Defendants should not be allowed to make Ms. Bradshaw a witness.

This Court should quash a subpoena if it requires disclosure of privilege or other protected matter. The attorney client privilege is one of the oldest privileges existing. See *CKG, Inc. and Kimberly Carroll v. Budget Maintenance Concrete Svc. Inc.* (USDC, E.D. Arkansas Western Division, November 14, 2018) See Exhibit G. Just like in *CKG, Inc.,* supra, the attorney client privilege is asserted. As Judge Holmes stated "Legal advice regardless of the merits of a potential claim is precisely the kind of frank communication this privilege seeks to protect." See *McCroy v. Johnson,* 296 Ark. 231, 246, 755 S.W.2d 566, 574 (1988) (holding that lawyers advice to client was privileged). There is not a fraud exception in this case.

6.      That attorney client confidentiality applies pursuant to Arkansas Rules of Professional Conduct Rule 1.6. Plaintiff is not waiving Rule 1.6.

7.      That Plaintiff's attorneys are working together on this case. If Ms. Bradshaw is removed as Plaintiff's attorney of choice then Plaintiff would be forced to hire another attorney to work on his case and a continuance would be requested.

8.      That Ms. Bradshaw does not have a conflict pursuant to Rule 1.7, 1.8, 1.10 or 3.7 of the Arkansas Rules of Professional Conduct.

9.      That Defendants waited until three months before the trial date to notice Ms. Bradshaw for deposition. Defendants have waived any right to take Ms. Bradshaw's deposition.

10.      Pursuant to Rule 3.7 Plaintiff would suffer prejudice.

11.      Disqualification would work an injustice on Plaintiff. See *Forever Green Ath. Fields Inc. v. Lasiter Constr. Inc.*, 2011 Ark. App. 347, 384 S.W.3d 540 (2011).

12.      That Ms. Bradshaw's testimony is not necessary and is protected by attorney client confidentiality.

13. Plaintiff certainly objects to giving his attorney file to Defendants.

WHEREFORE, Plaintiff, Brian Skender, requests Defendants' notice of deposition to Sandra C. Bradshaw be quashed, and for all other proper relief.

Respectfully submitted,

/s/John Ogles

_____

John Ogles
Arkansas Bar No. 89003
Texas Bar No. 00797922
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
(501) 982-8339
(501) 985-1403 Facsimile
jogles@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of February, 2019, I served a copy of the foregoing to the following:

Sandra C. Bradshaw
PO Box 249
215 Main Street
Crossett, AR 71635

Alfred F. Angulo, Jr.
Robertson, Beasley, Shipley
& Robinson, PLLC
315 N. 7th St.
Fort Smith, AR 72903-0848

/s/John Ogles

_____

John Ogles

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BRIAN SKENDER,

                                                                    PLAINTIFF

vs.                          Case No. 1:17-cv-01025-SOH

C. MARSHALL FRIEDMAN, P.C.
C. MARSHALL FRIEDMAN and
KENNETH E. RUDD, JOINTLY
and SEVERALLY,

                                                                    DEFENDANTS

## NOTICE OF DEPOSITION OF SANDRA C. BRADSHAW
## AND REQUEST FOR PRODUCTION OF DOCUMENTS BY SUBPOENA

TO:   Sandra C. Bradshaw and Plaintiff, Brian Skender

        Pursuant to Fed. R. Civ. P. 30, 34, and 45, please take notice that the attorney for

Defendants, C. Marshall Friedman, P.C., C. Marshall Friedman and Kenneth E. Rudd, will

take the deposition of Sandra C. Bradshaw before a duly qualified court reporter at the

Law Office of Gibson & Keith, 119 S. Main Street, Monticello, Arkansas, beginning at 10:00

a.m. on February 28, 2019.  If the deposition is not commenced, or if it is commenced and

not concluded, it will be continued from day to day until completed.

        Pursuant to Fed. R. Civ. P. 34 and 45, the deponent is further directed to produce at

the date, time and location on the accompanying Subpoena, the documents and tangible

things described as follows: Your complete file on Brian Skender for his 7-11-2012 FELA

1

EXHIBIT   A

claim and all correspondence between you and C. Marshall Friedman, P.C.

Respectfully Submitted,

**ROBERTSON, BEASLEY, SHIPLEY
& ROBINSON, PLLC**
315 North Seventh Street
Fort Smith, AR 72901
(479) 782-8813
dangulo@rbsr-attorneys.com

ALFRED F. ANGULO, Jr.
Arkansas Bar No. 81003

## CERTIFICATE OF SERVICE

I, Alfred F. Angulo, Jr., hereby certify that I have this 12th day of February, 2019, served a true and correct copy of the above and foregoing upon the opposing counsel by U.S. Mail, postage pre-paid, addressed as follows:

John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis
P. O. Box 891
Jacksonville, AR 72078

Sandra C. Bradshaw
P. O. Box 249
215 Main Street
Crossett, AR 71635

Alfred F. Angulo, Jr.

# UNITED STATES DISTRICT COURT

for the

WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| BRIAN SKENDER | ) |
| *Plaintiff* | ) |
| v. | ) |
| C. MARSHALL FRIEDMAN, P.C., C.MARSHALL | ) |
| FRIENDMAN, AND KENNETH E. RUDD ET AL | ) |
| *Defendant* | ) |

Civil Action No. 1:17-CV-01025-SOH

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                           SANDRA C. BRADSHAW

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Gibson & Keith, | Date and Time: |
|---|---|
| 119 S. Main Street, Monticello, Arkansas | 02/28/2019 10:00 am |

The deposition will be recorded by this method:   certified court reporter.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Your complete file on Brian Skender for his 7-11-2019 FELA claim and all correspondence between you and C. Marshall Friedman, P.C.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/12/2019

*CLERK OF COURT*

OR

_____           _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendants
C. Marshall Friedman, et al
_____ , who issues or requests this subpoena, are:
Alfred F. Angulo, Jr., Robertson, Beasley, Shipley & Robinson, 315 N. 7th Street, Fort Smith, AR 72901 (479) 782-8813

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:17-CV-01025-SOH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

        **(i)** is a party or a party's officer; or

        **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

        **(i)** fails to allow a reasonable time to comply;

        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

        **(iv)** subjects a person to undue burden.

    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

        **(i)** expressly make the claim; and

        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

BRIAN SKENDER                                        PLAINTIFF

VS.                          NO. CV-2013-532-2

UNION PACIFIC RAILROAD COMPANY                      DEFENDANT

## MOTION FOR LEAVE TO WITHDRAW

COMES NOW, Sandra C. Bradshaw as counsel for Plaintiff, Brian Skender, and files this Motion for Leave to Withdraw and would show unto the Court the following:

1.    Sandra C. Bradshaw, local counsel for Plaintiff, Brian Skender, requests that she be allowed to withdraw as attorney of record due to medical issues and necessary treatment and is reducing her case load.

2.    Sandra C. Bradshaw stands ready to tender to Brian Skender any and all documents to which he is entitled with respect to this matter.

3.    Sandra C. Bradshaw stands ready to refund Brian Skender any and all unearned attorney fees, of which there are none.

4.    Sandra C. Bradshaw has taken all reasonable steps to avoid prejudice to Brian Skender and none will result as Plaintiff has

FILED

MAY 11 2015

LAFAYETTE WOODS, SR,
Circuit Clerk
JEFFERSON COUNTY, ARKANSAS

1

EXHIBIT _B_

representation of Marshall Friedman.

5. Therefore, for all reasons listed above, Sandra C. Bradshaw requests she be allowed to withdraw as attorney of record.

WHEREFORE, Sandra C. Bradshaw, requests that she be allowed to withdraw as attorney; and to any and all other appropriate relief to which she may be entitled.

Respectfully submitted,

By: _Sandra C Bradshaw_

Sandra C. Bradshaw
P.O. Box 249
Crossett, AR 71635
TEL: (870) 364-4300
FAX: (870) 364-4333
Bar Roll #92270

## CERTIFICATE OF SERVICE

I, Sandra C. Bradshaw, attorney for Plaintiff, do hereby certify that a true and correct copy of the above and foregoing pleading has been faxed or mailed to Jamie Huffman Jones, Friday, Eldredge & Clark, LLP, 400 West Capitol Avenue, Suite 2000, Little Rock, Arkansas 72201 and Kenneth E. Rudd, C Marshall Friedman, 1010 market Street, Suite 1340, St Louis, Missouri 63101 on the 7th day of May, 2015.

Sandra C. Bradshaw

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

BRIAN SKENDER                                            PLAINTIFF

VS.                              NO. CV-2013-532-2

UNION PACIFIC RAILROAD COMPANY                  DEFENDANT

## ORDER FOR LEAVE TO WITHDRAW

COMES on the Motion of Sandra C. Bradshaw, to withdraw as counsel for the Plaintiff, Brian Skender, and the Court finds that the Motion is well taken and should be granted:

IT IS THEREFORE, BY THE COURT, ORDERED that Sandra C. Bradshaw shall be and is hereby granted leave to withdraw as counsel of record for Brian Skender.

SO ORDERED this 5 day of ~~May~~ June, 2015.

_____
CIRCUIT JUDGE

cc: Sandra C. Bradshaw
    Jamie Jones
    Kenneth E. Rudd

FILED

JUN 1 9 2015

LAFAYETTE WOODS, SR.
Circuit Clerk
JEFFERSON COUNTY, ARKANSAS

**EXHIBIT** C

LAW OFFICES
# C. MARSHALL FRIEDMAN
*A Professional Corporation*

C. Marshall Friedman
Kenneth E. Rudd
Scott A. Friedman
Robert J. Friedman

Thirteenth Floor
1010 Market Street
St. Louis, Missouri 63101
1-800-233-7636
314-621-8400
Fax 314-621-8843
www.marshallfriedman.com

## EMPLOYMENT AGREEMENT

St. Louis, Missouri, Date: _____

I hereby employ <u>The Law Offices of C. Marshall Friedman, P.C.</u> as my attorney at law to represent me in my claim against <u>Union Pacific</u> founded upon _____ injuries I sustained on-the-job on the <u>11</u> day of <u>July</u>, 20<u>12</u>

For your services I agree to pay you a sum equal to 25%* of the amount collected, whether same is recovered by compromise or by suit, plus expenses.**

I have fully read and understand the "terms and conditions" section below and I agree to the association of additional lawyer(s) outside of the Law Offices of C. Marshall Friedman, P.C., at no additional cost to me, if this will further my case.

[signature]

(PLAINTIFF'S FULL NAME HERE)

**Terms and conditions:**

*Contingency fee due to C. Marshall Friedman, P.C. (based on percentage noted above) is calculated based on total amount recovered, before deduction of expenses.

**Expenses consist of the retail market cost of services and expenditures attributable to your case, including, but not limited to, medical records, hospital records, therapeutic records, filing fees, service fees, notary fees, transcript charges, travel expenses, investigation expenses/fees, costs of analysts, costs of experts, witness fees, online legal research, photocopies, postage, delivery, and telephone charges, and are to be paid by you, after calculation and payment of contingency fee, but are only due if you are the prevailing party (by compromise or suit).

--End of document--

EXHIBIT D

# C. MARSHALL FRIEDMAN

*A Professional Corporation*
friedman-legal.com

C. Marshall Friedman
Scott A. Friedman
Robert J. Friedman
Paul A. Burnett, *of counsel*

1010 Market Street, 13th Floor
St. Louis, Missouri 63101
1-800-233-7636
314-621-8400
Fax 314-621-8843

December 13, 2015

Mark B. Berry
140 Cliff Cave Road
Suite 202
St. Louis, Mo 63129

Fax: (314) 2008553
EMail: mark@kbinsurance.com

**Notice of Incident (no claim)**

Name of Insured:    C. Marshall Friedman, P. C., Kenneth E. Rudd (employee of C. Marshall Friedman, PC)

Persons Involved:
- Attorney: Kenneth E. Rudd
- Office: formerly 1010 Market Street, Suite 1340, St. Louis, Missouri 63101; Phone (314) 621-8400
- Home: 2434 DeHart Farm Road, Wildwood, Missouri 63038; Phone (636) 458-1716; Cell: (636) 236-6996.

Involved Client:    Brian Skender

I am an attorney of C. Marshall Friedman, PC and I was assigned to represent Brian Skender, a railroad employee, in a Federal Employer's Liability Act (45 USC Section 51, *et seq.*) case for personal injuries (lower back) sustained in a on-the-job slip and fall injury while Brian Skender was employed as a railroad carman in Pine Bluff, Arkansas. Brian was referred to the Law Offices of CMF, PC in 2011 by Sandra Bradshaw, an Arkansas attorney. Sandra Bradshaw, Marshall Friedman, and I had previously represented Brian Skender for a low back injury claim against Union Pacific Railroad Company that was settled prior to suit in 2008.

I am a licensed Arkansas attorney and filed Brian Skender's FELA lawsuit in the Circuit Court of Jefferson County, Arkansas wherein I was the lead counsel and Sandra Bradshaw was also listed as an attorney representing plaintiff Brian Skender on the pleadings. Brian had been injured on the job in a slip and fall incident that occurred on July 11, 2012. I prepared Complaint. The the civil cover sheet and the complaint were mailed to the Jefferson County Circuit Clerk on October 24, 2013 along with the filing fee ($165.00), summons fee ($2.50), and Jefferson County Sheriff fee ($50.00) were paid to the court. Deputy Clerk Roland Daniels filed the suit and issued a summons on October 25, 2013. A stamped copy of the complaint and summons were returned by mail to the Law Offices of C. Marshall Friedman, PC to be forwarded to the Pulaski County (not Jefferson County), Arkansas Sheriff's Department for

1

dismissing the first complaint, without prejudice, was entered on October 19, 2015, and a copy of the order is enclosed.

On October 28, 2015, Union Pacific filed a notice of appeal contending that the trial court erred by dismissing the case *without* prejudice rather than with prejudice. This office has retained counsel to file a cross-notice of appeal contending that the trial court erred by finding the summons deficient. Our contention is that we complied with all of the stated requirements set forth in Rule 4 (b) ARCP. Rule 4 does not require that the defendant's name be restated after the phrase "STATE OF ARKANSAS DIRECTED TO DEFENDANT" and only requires that the defendant be identified on the summons. A copy of Rule 4 is attached. However, a summons form adopted by the Supreme Court provides "blank spaces" to be filled in with a name and address of the defendant. A copy of the summons form is enclosed. The order adopting the Form of Summons, however, provides that "[t]he adoption of this form is in compliance with Rule 4 (b) and does **not modify or amend any part of that rule.**" Hence, our contention is that the Supreme Court, by adopting the form of summons, did not amend or modify Rule 4 (b) to impose a new requirement – that the identified defendant's name be *restated* after the phrase "STATE OF ARKANSAS DIRECTED TO DEFENDANT" simply because blank lines were included on the approved Form of Summons. We must take the position that we have complied exactly with the requirements of Rule 4 (b) because Arkansas appellate opinions have stated that exact compliance with the terms of Rule 4 (b) are required, and substantial compliance is not sufficient.

The pertinent materials have been sent to retained counsel. Retained counsel filed the notice of cross-appeal on November 16, 2015 (see copy attached) within the requisite 30 days of the date the order was entered.

No claim has been filed at this time but I am reporting this as an incident. If any additional information is needed, please contact me. I have provided both home and cell numbers. I am more easily reached on my cell phone and my home, landline. I remain,

Very truly yours,

Kenneth E. Rudd

KER
Enclosure

3

# BRIAN SKENDER v. UPRR

## ACTIVITY LOG

**Brian:**      870-367-3731 - Home
                870-304-7049 - Cell

**Address:**    140 Highway 172
                Monticello, Arkansas 71655
**EMAIL:**      bpskender@yahoo.com

**Claim Agent:**
Jeff Watterson
UPRR
(870) 541-1729
(501) 352-2576 (cell)

---

**7/11/12**
Lisa gave me a note to add this guy to the client log. He is a former client and called in with a possible new claim from a fall at work today. Lisa took the call and transferred it to DDM. I am sure I will have some more info to dictate soon.
*Rachel*

**7/11/12**
This email was sent to Lisa, Jeni, Courtney, SLP and myself from DDM. *Rachel* -  Lisa put a call through to me a few minutes ago, Brian Skender, former client our of Arkansas. Brian slipped in mud at work today, 7/11/12, injuring his lower back, he thinks.  He just got out of the doctor's office.  Brian isn't sure what he injured.  He is hurting all over.  His foreman is bringing him an accident report tonight or tomorrow.  I went over in detail with Brian what he must do when filling out the report - **FAULT THE RAILROAD!**  He must point the finger at the muddy area as an unsafe condition and that there have been prior complaints, etc about same. He said he knows how to handle that. I told Brian the claim agent will probably want a recorded statement. That is his call as I would never tell anyone not to provide a statement - had an incident several years back where i did just that and got in trouble - no one backed me up. **AGAIN, IF BRIAN FEELS THE NEED TO PROVIDE THE CLAIM AGENT A STATEMENT, DO IT, BUT HE MUST FAULT THE RAILROAD!**

Brian said if he need us he will call back. Since I won't be here tomorrow and will probably not be reachable, please refer this call to Wayne Lee, our Arkansas field rep. Thank you for your help.
Dana D. McClenahan Senior Investigator

**7/19/12**
This email from Wayne Lee was forwarded to me and DDM from SLP. She didn't think we received this:  I received a call from Lisa today, July 19, 2012 and was asked to contact Brian Skender, a carman at the Pine Bluff AR. Rip Track.

**EXHIBIT** F

The following is the statement I took from Mr. Skender. Mr. Skender is a previous client.

On Wednesday July 11, 2012 in the Supply Area at Pine Bluff Rip Track Air Brake House. About 11:15 A.M. while starting to clean up Mr. Skender picked an AB Piston and started walking to a wooden crate to place piston in to be sent for repair. Mr. Skender slipped on wet muddy concrete and landed on his back. When he fell Mr. Skender felt a pop in his back and also skinned up his right forearm. Mr. Skender was working with Sandra Clearly who is a Laborer and she is head of Total Safety Culture at the Pine Bluff Rip Track. Sandra went and got Manager Dick Dragon who took Mr. Skender to his office where they cleaned up his right forearm, put neosporin on it and bandaged it up. Manager Dick Dragon then took Mr. Skender to the EMR at Jefferson Memorial Hospital in Pine Bluff.

They took x-rays, recleaned his right forearm and gave Mr. Skender a tetanus shot and prescriptions for Vicodin, Flexeril, and Motrin. Mr. Skender was to go home and see his doctor on Monday. Mr. Skender went and seen Dr. Wayne Bruffett in Little Rock at AR Specialty Orthopedics on Monday July 16, 2012. Mr. Skender is still off work until he sees Dr. Bruffett on July 30, 2012. More to follow on Mr. Skenders medical condition.

The area where Mr. Skender was injured has been reported on several occasions and pictures have been taken by the safety man in Pine Bluff and this building was supposed to have been taken down over a year ago due to the building standing in mud and water which stays on the concrete under this open shed like building. Mr. Skender was told by Dick Dragon that he (Dragon) was being blamed by upper management for the injury because he had not removed this shed when told to do so.

We won't know until Mr. Skender sees Dr. Buffett for an MRI about the extent of his injuries but the negligence and liability looks very strong.

I will get Mr. Skender signed as a client and continue to gather information.
*Wayne*

7/19/12
Sandra Bradshaw (referring attorney) called to talk to an investigator regarding details of Brian's new injury. She has talked to Brian about this injury and would like to connect him up with Wayne Lee. I called Wayne and gave him Sandra's phone number 870/364-4300. Wayne said he would call her today.
*Lisa*

07/20/12
*What is this above entry? Brian is a former client and referred himself, I believe. Just a word of caution, I'd be careful and not be giving out information without knowing who people are.*
*DDM*

8/8/12
CMF is very aware of Sandra Bradshaw as he worked with her on Brian's first case (which was referred by Sandra Bradshaw). I have since spoken with CMF and let him know that Brian has another case referred by Sandra and we will send her a fee arrangement letter (the same as the letter



CMF then spoke with Plaintiff and Sandra Bradshaw. CMF does not feel Plaintiff will qualify as being permanently and totally disabled. Sandra agrees that if Plaintiff doesn't go back to the railroad and at least try to return to work, then his case is in serious trouble.

Plaintiff says he never spoke with anyone at the railroad regarding other positions available. CMF pointed out a February letter from Heather Taylor advising him of job openings that might fit his restrictions. She also mentions that they spoke previously. Plaintiff's memory returned. He will call Heather Taylor and pursue that avenue. He's not interested in relocating, however. CMF said we will cross that bridge when we get to it. *Advised Ken via email, cc to CMF. Sharon*

3/25/13:   CMF spoke with Brian Skender, and told him to see what jobs are available to him to return to work. Client is concerned that he will have to be on pain medications just to work. Client will let us know what he finds out *Amanda*


04/11/13:   Brian Skender called in to the office to let us know that he got his test results from Heather Taylor and that he had an appointment the following Monday to get injections from the pain clinic. Client advised that he would be sending his most recent medical records in. -Lesley


04/15/13:   Sandra Bradshaw (referred Skender to us) called to say that Brian would be going to see a pain management doctor. Said she would fax Heather Taylor results and stated that he is a prime candidate for the management test. Heather Taylor called Brian today to schedule the management test for next Thursday (April 25). Brian is unavailable that day due to a trip that was bought and paid for many months in advance, and Heather does not wish to reschedule his test. Sandra asked if CMF could get a hold of Heather to try and figure something out. CMF to call Heather, at 501-227-5553 to see if we can get him scheduled for the management test on a different day. CMF left voicemail.

   Update: let second voicemail later in the day. -Lesley


04/19/13:   Received letter from Heather Taylor okaying Brian Skender's test rescheduling. -Lesley


05/07/13:   Sandra Bradshaw called in and wanted to speak with Marshall. She got very upset when I (Lesley) asked her if there was something in particular that she wanted to talk to CMF about re: Skender and she hung up on me. I advised CMF and he returned Sandra's phone call and left a voicemail for her to call. CMF also called Brian Skender to see how he is getting along. He advised that Heather Taylor wanted him to take the Manager's Test. Brian said he was going to take it on

CKG, INC.; and KIMBERLY CARROL, Plaintiffs,

v.

BUDGET MAINTENANCE CONCRETE SVC, INC., Defendant.

No. 4:17CV00019 JLH.

United States District Court, E.D. Arkansas, Western Division.

November 14, 2018.

CKG Inc & Kimberly Carrol, Plaintiffs, represented by J. Don Overton, The Overton Law Firm, LLC.

Budget Maintenance Concrete SVC Inc, Defendant, represented by Ike Allen Laws, III, Laws Law Firm.

## OPINION AND ORDER

J. LEON HOLMES, District Judge.

In the summer of 2015 Budget Maintenance Concrete Services, Inc., performed subcontract work for CKG, Inc., in central Arkansas.[1] Budget allegedly assured CKG that it was licensed to do the work, performed shoddy work, abandoned the project, and left Arkansas. After Budget abandoned the project, CKG discovered that Budget was not and had never been a licensed contractor.

CKG did not pay Budget. When Budget's lawyers at Jones, Jackson & Moll sent a lien notice to CKG, CKG informed them that seeking payment was improper for various reasons, including that Budget was not licensed when it contracted for and performed the work in violation of Arkansas law. Several months later, Budget again sought payment from CKG, this time through Tucker, Albin & Associates. The complaint calls Tucker, Albin & Associates a law firm, but a recent filing indicates that it is a debt collection agency. Document #24 at 7. CKG responded to Tucker, Albin & Associates with the same information that it sent to Jones, Jackson & Moll. Finally, another law firm, Orlando Law Offices, contacted CKG for the same purpose and threatened to file suit on Budget's behalf. CKG again responded that Budget's operations had been illegal under Arkansas law, rendering the subcontract void, and it threatened to file counterclaims. Budget then sued CKG, as well as its registered agent, Kimberly Carroll, individually, in Pennsylvania. Orlando Law Offices represented Budget.

Here, CKG and Carroll sued Budget, Orlando Law Offices, and a lawyer with that firm, Christopher Garrell, asserting fraud and violations of the Arkansas Deceptive Trade Practices Act. The Court dismissed Orlando Law Offices and Garrell several months ago for lack of personal jurisdiction over them.

The plaintiffs have recently served subpoenas for production of documents upon Jones, Jackson & Moll; Tucker, Albin & Associates; and Orlando Law Offices. All three subpoenas command production of the following:

> Copies of all emails, text messages, or any other correspondence between your office . . . and [an employee of Budget] or any other person who is an employee, officer, director or owner of Budget Maintenance Concrete Svcs, Inc., in relation to the requests made in the attached discovery.

**EXHIBIT  G**

Document #19 at 4, 7 and 10. The term "attached discovery" references requests for admission the plaintiffs sent to Budget earlier this year. *See* Document #24-1 at 1-2.

Budget moves to quash all three subpoenas pursuant to Federal Rule of Civil Procedure 45(d)(3). Budget argues that the plaintiffs failed to give it prior notice before serving the subpoena as Rule 45(a)(4) requires, and that the attorney-client privilege covers all the communications. Jones, Jackson & Moll also moves to quash the subpoena it received for the same reasons.

Federal Rule of Civil Procedure 45(a)(4) requires a party to serve notice and a copy of a subpoena commanding the production of documents on each party, before such subpoena is served on the person to whom it is directed. The purpose of the notice requirement is to afford the other parties an opportunity to object. *See* Fed. R. Civ. P. 45, 2013 Amendment to Advisory Committee Notes. Various district courts have routinely refused to quash subpoenas, however, for technical violations of this rule where there is no prejudice to the opposing party. *See, e.g., Whitney v. Franklin Gen. Hosp.,* 2015 WL 1879514 at *4 (N.D. Iowa) (refusing to quash subpoena where opposing party received copy of the subpoena two days after it was served and had opportunity to object; and collecting cases in which district courts have held likewise).

Here, plaintiffs' counsel issued the subpoenas on October 22nd. The record does not show when the subpoenas were mailed, but Budget says they were mailed the same day. On the following day— October 23rd—plaintiffs' counsel sent defendants' counsel a copy of the subpoenas. At most, therefore, the subpoenas were mailed to the non-parties one day before notice was mailed to defendants' counsel. Budget has had an opportunity to object, as it has moved to quash all the subpoenas. Here, the plaintiffs' technical violation of Rule 45(a)(4) does not require that the subpoenas be quashed because the defendants have neither shown nor argued that they were prejudiced. The Court will thus turn to the merits of the privilege issue.

A Court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). The attorney-client privilege is one of the oldest privileges, existing to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S. Ct. 677, 682, 66 L. Ed. 2d 584 (1981). The privilege survives even beyond the client's death. *Swidler & Berlin v. United States,* 524 U.S. 399, 411, 118 S. Ct. 2081, 2088, 141 L. Ed. 2d 379 (1998). In diversity cases, like this one, the state law supplying the rule of decision governs application of the privilege. Fed. R. Evid. 501.

The party asserting a privilege bears the burden of showing the privilege applies. *Kinkead v. Union Nat'l Bank,* 51 Ark. App. 4, 11, 907 S.W.2d 154, 158 (1995). In Arkansas, a client "has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." Ark. R. Evid. 502(b). An exception applies "[i]f the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or reasonably should have known to be a crime or fraud." Ark. R. Evid. 502(d)(1). Fraud requires a false representation, knowledge or belief that the representation was false, intent to induce action or inaction in reliance on the misrepresentation, justifiable reliance upon the representation, and resulting damages. 1 Howard W. Brill & Christian H. Brill, Law of Damages § 33.8 (6th ed. 2014).

As noted, the plaintiffs seek correspondence between the defendant and Jones, Jackson & Moll; Tucker, Albin & Associates; and Orlando Law Offices relating to requests for admission that the plaintiffs previously sent to Budget. The requests for admission ask Budget to admit that it hired three separate law firms to collect payment "on the VOID contract"; that each firm was provided notice that Budget had violated Arkansas law, rendering the contract void; that Jones, Jackson & Moll declined to pursue collection after receiving such notice; that Tucker, Albin & Associates declined to pursue collection after receiving such notice; and that Orlando Law Offices filed a frivolous action in Pennsylvania on behalf of Budget after receiving such notice. Document #24-1 at 1-2. Budget denied the first request for admission, and responded to the latter three with, "Budget cannot Admit or Deny . . . what a third party may or may not have received." *Id.* The plaintiffs objected, maintaining that Budget should have admitted each statement. *Id.* When Budget did not change its answer, the plaintiffs sent the subpoenas described above.

Budget asserts the attorney-client privilege. Budget admits, however, that only "[t]wo of the non-parties subpoenaed are law firms." Document #20 at 1-2. Budget has presented nothing to show that Tucker, Albin & Associates "is a person authorized, or is reasonably believed by the client to be authorized, to engage in the practice of law in any state or nation." *See* Ark. R. Evid. 502(a)(3) (defining "lawyer" for purposes of the privilege). Budget has not shown that the communications sought from Tucker, Albin & Associates are privileged or protected. With respect to Jones, Jackson & Moll and Orlando Law Offices, however, the communications sought between Budget and its previous lawyers directly address the strength of Budget's legal entitlement to payment from CKG, so they were "made for the purpose of facilitating the rendition of professional legal services to the client." Ark. R. Evid. 502(b). These communications are privileged.

The plaintiffs argue that the fraud exception applies. They contend that communications between Budget and its lawyers go to the heart of proving their claims, because they might show that Budget had actual knowledge that the contract was void and unenforceable. Its subsequent decision to file a lawsuit on the contract, their argument goes, shows that Budget chose to deliberately ignore the law and knowingly filed a fraudulent lawsuit.

That argument is not persuasive. Budget hired its former lawyers to collect payment from CKG. For present purposes, the Court will assume that those lawyers advised Budget that its claim against CKG was weak or nonexistent under the law and that Budget decided to file suit anyway. Legal advice regarding the merits of a potential claim is precisely the kind of frank communication the privilege seeks to protect. *McCrory v. Johnson*, 296 Ark. 231, 246, 755 S.W.2d 566, 574 (1988) (holding that lawyer's advice to client was privileged); *see also Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (noting that the privilege extends to confidential communications from client to lawyer and from lawyer to client). That the client disregarded the advice does not negate the privilege. Moreover, the act of filing a lawsuit that one knows to be frivolous—as the plaintiffs allege it was—is not fraud because the element of justifiable reliance is absent. *Miller v. Williams*, 2008 WL 4811387 at *1 n.1 (Ohio Ct. App. Nov. 5, 2008); *Neal v. Second Sole of Youngstown, Inc.*, 2018 WL 340142 at *4 (N.D. Ohio, Jan. 9, 2018); Brill & Brill, Law of Damages § 33.8. Budget may have knowingly filed a frivolous lawsuit to collect from CKG. Nothing shows, however, that Budget knew, or should have known, that filing a lawsuit would constitute fraud when it sought or obtained legal services. The fraud exception to the attorney-client privilege does not apply. Ark. R. Evid. 502(d)(1).

For the foregoing reasons, Budget's motion is GRANTED IN PART and DENIED IN PART. Document #19. Jones, Jackson & Moll's motion is GRANTED. Document #21. The subpoenas directed to Jones,

Jackson & Moll and Orlando Law Offices are quashed. The subpoena directed to Tucker, Albin & Associates is not quashed.

IT IS SO ORDERED.

[1] Background facts are described as alleged in the Complaint, Document #2, unless otherwise noted.

Save trees - read court opinions online on Google Scholar.