IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**BRIAN SKENDER**                                                                   **PLAINTIFF**

V.                 Case No.: 1:17-cv-01025-SOH

**C. MARSHALL FRIEDMAN, P.C.,**
**C. MARSHALL FRIEDMAN and**
**KENNETH E. RUDD, JOINTLY**
**AND SEVERALLY**                                            **DEFENDANTS**

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

COMES NOW the Plaintiff, Brian Skender, by and through his attorneys, John Ogles and Sandra C. Bradshaw, and for his Statement of Material Facts states:

1. Skender was injured on the job on July 11, 2012.

2. Skender retained the defendants to represent him in a FELA claim against Union Pacific and they prepared and filed a complaint against U.P. on October 23, 2013.

3. Defendants caused a summons to be issued on October 25, 2013.  The summons failed to identify UP as the party defendant to whom the summons was directed,

4.  UP filed its answer to the complaint on  November 25, 2013, raising sufficiency of process as one of its affirmative defenses.

5. Plaintiff's FELA claim statute of limitations expired on July 10, 2015.

6.  UP filed its motion to dismiss the FELA complaint on July 20, 2015.

7. Skender's case was dismissed without prejudice by the trial court on September 17, 2015.

8. Defendant Kenneth Rudd put his liability carrier on notice of a potential claim by Mr. Skender on December 13, 2015. See letter attached to Response to Motion to Dismiss.

9.. The Arkansas Court of Appeals affirmed the dismissal of the complaint on April 13, 2016 but remanded the matter to the trial court for determination as to whether it should be with or without prejudice.

10. On January 10, 2017 the trial court dismissed Skender's complaint against UP with prejudice.

11. On March 6, 2017 this case commenced.

12. From November 25, 2013 through July 10, 2015 defendants never once propounded discovery to UP to determine the basis for UP's claim of insufficient process.

13. Defendants never advised Plaintiff there might be an issue with the service of process or the summons nor did they even bother to advise Plaintiff his case might be or had been dismissed.

14. It has long been the law in Arkansas that a summons must be specifically directed to the named defendant in that portion of the summons which begins, "THE STATE OF ARKANSAS TO DEFENDANT:_____."

15. At no time after UP filed its Answer raising the sufficiency of process defense did any of the Defendants conduct the requisite discovery or legal research necessary to preserve Plaintiff's cause of action against UP.

16. A diligent, competent Arkansas lawyer would have discovered the issue with the

summons and taken steps to cure that issue *before* the expiration of the statute of limitations on July 10, 2015. One such step would have been to dismiss the pending complaint without prejudice pursuant to Ark. R. Civ. P. 41 and then immediately refile the complaint and have a proper summons issued and served on UP. That could have been done, and should have been done, at any time from and after March 6, 2014, a date three (3) years before the filing of this present action.

17. Any cause of action for negligent acts by the Defendants are not barred by the statute of limitations.

/s/John Ogles

_____
John Ogles
Arkansas Bar No. 89003
Ogles Law Firm, P.A.
200 S. Jeff Davis
PO Box 891
Jacksonville, AR 72078
(501) 982-8339
jogles@aol.com

CERTIFICATE OF SERVICE

The foregoing was electronically filed on February 16, 2019 and sent to the following via the Court's electronic filing system:

Sandra C. Bradshaw
Alfred Angulo

/s/John Ogles

_____
John Ogles