LAW OFFICES
# C. MARSHALL FRIEDMAN
*A Professional Corporation*
friedman-legal.com

C. Marshall Friedman
Scott A. Friedman
Robert J. Friedman
Paul A. Burnett, *of counsel*

1010 Market Street, 13th Floor
St. Louis, Missouri 63101
1-800-233-7636
314-621-8400
Fax 314-621-8843

December 13, 2015

Mark B. Berry
140 Cliff Cave Road
Suite 202
St. Louis, Mo 63129

Fax: (314) 2008553
EMail: mark@kbinsurance.com

Notice of Incident (no claim)

Name of Insured:   C. Marshall Friedman, P. C., Kenneth E. Rudd (employee of C. Marshall Friedman, PC)
Persons Involved:
- Attorney: Kenneth E. Rudd
- Office: formerly 1010 Market Street, Suite 1340, St. Louis, Missouri 63101; Phone (314) 621-8400
- Home: 2434 DeHart Farm Road, Wildwood, Missouri 63038; Phone **(636) 458-1716**; Cell: **(636) 236-6996**.

Involved Client:   Brian Skender

   I am an attorney of C. Marshall Friedman, PC and I was assigned to represent Brian Skender, a railroad employee, in a Federal Employer's Liability Act (45 USC Section 51, *et seq*.) case for personal injuries (lower back) sustained in a on-the-job slip and fall injury while Brian Skender was employed as a railroad carman in Pine Bluff, Arkansas.   Brian was referred to the Law Offices of CMF, PC in 2011 by Sandra Bradshaw, an Arkansas attorney.   Sandra Bradshaw, Marshall Friedman, and I had previously represented Brian Skender for a low back injury claim against Union Pacific Railroad Company that was settled prior to suit in 2008.

   I am a licensed Arkansas attorney and filed Brian Skender's FELA lawsuit in the Circuit Court of Jefferson County, Arkansas wherein I was the lead counsel and Sandra Bradshaw was also listed as an attorney representing plaintiff Brian Skender on the pleadings.   Brian had been injured on the job in a slip and fall incident that occurred on July 11, 2012. I prepared Complaint.  The the civil cover sheet and the complaint were mailed to the Jefferson County Circuit Clerk on October 24, 2013 along with the filing fee ($165.00), summons fee ($2.50), and Jefferson County Sheriff fee ($50.00) were paid to the court.   Deputy Clerk Roland Daniels filed the suit and issued a summons on October 25, 2013.   A stamped copy of the complaint and summons were returned by mail to the Law Offices of C. Marshall Friedman, PC to be forwarded to the Pulaski County (not Jefferson County), Arkansas Sheriff's Department for

1

EXHIBIT __A__

dismissing the first complaint, without prejudice, was entered on October 19, 2015, and a copy of the order is enclosed.

On October 28, 2015, Union Pacific filed a notice of appeal contending that the trial court erred by dismissing the case *without* prejudice rather than with prejudice. This office has retained counsel to file a cross-notice of appeal contending that the trial court erred by finding the summons deficient. Our contention is that we complied with all of the stated requirements set forth in Rule 4 (b) ARCP. Rule 4 does not require that the defendant's name be restated after the phrase "STATE OF ARKANSAS DIRECTED TO DEFENDANT" and only requires that the defendant be identified on the summons. A copy of Rule 4 is attached. However, a summons form adopted by the Supreme Court provides "blank spaces" to be filled in with a name and address of the defendant. A copy of the summons form is enclosed. The order adopting the Form of Summons, however, provides that "[t]he adoption of this form is in compliance with Rule 4 (b) and does **not modify or amend any part of that rule.**" Hence, our contention is that the Supreme Court, by adopting the form of summons, did not amend or modify Rule 4 (b) to impose a new requirement – that the identified defendant's name be *restated* after the phrase "STATE OF ARKANSAS DIRECTED TO DEFENDANT" simply because blank lines were included on the approved Form of Summons. We must take the position that we have complied exactly with the requirements of Rule 4 (b) because Arkansas appellate opinions have stated that exact compliance with the terms of Rule 4 (b) are required, and substantial compliance is not sufficient.

The pertinent materials have been sent to retained counsel. Retained counsel filed the notice of cross-appeal on November 16, 2015 (see copy attached) within the requisite 30 days of the date the order was entered.

No claim has been filed at this time but I am reporting this as an incident. If any additional information is needed, please contact me. I have provided both home and cell numbers. I am more easily reached on my cell phone and my home, landline. I remain,

Very truly yours,

Kenneth E. Rudd

KER
Enclosure

3