IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BRIAN SKENDER                                                                                                PLAINTIFF

v.                              Case No. 1:17-cv-1025

C. MARSHALL FRIEDMAN, P.C.;
C. MARSHALL FRIEDMAN; and
KENNETH E. RUDD, jointly
and severally                                                         DEFENDANTS

## ORDER

Before the Court is Plaintiff's Objection and Motion to Quash Subpoena. (ECF No. 19). Defendants have filed a response. (ECF No. 22). Plaintiff has filed a reply. (ECF No. 23). The Court finds this matter ripe for consideration.

## BACKGROUND

This is an action for legal malpractice and fraud. Plaintiff was injured in a slip and fall accident while employed by Union Pacific Railroad. Plaintiff then approached his personal attorney, Sandra C. Bradshaw, about bringing a Federal Employers Liability Act ("FELA") claim against Union Pacific. Bradshaw represented Plaintiff in the incipient stages of litigation and eventually referred Plaintiff to Defendants—a St. Louis, Missouri, based law firm—because they are experienced in FELA Litigation.

Defendants began litigating Plaintiff's FELA claim with Bradshaw also listed as an attorney of record for Plaintiff. Bradshaw then withdrew from the representation, citing medical reasons. Defendants continued litigating Plaintiff's FELA claim without Bradshaw. On July 20, 2015, Plaintiff's claim was dismissed with prejudice for insufficient process and insufficient service of process. Defendants appealed the ruling, arguing that the dismissal should have been

without prejudice.  Defendants were successful on appeal and filed another FELA action on Plaintiff's behalf.  This second FELA action was later dismissed with prejudice.

On March 31, 2017, Plaintiff commenced this action, alleging that Defendants committed malpractice and fraud when they failed to communicate to him that his case had been on appeal and that it was later dismissed with prejudice.  Plaintiff is represented by Bradshaw and John Ogles in the present action.

On February 12, 2019, Defendants subpoenaed Bradshaw to appear for a deposition and to produce her file pertaining to Plaintiff's first FELA action.  On February 15, 2019, Plaintiff filed the instant Motion to Quash, (ECF No. 19) arguing that Bradshaw's subpoena should be quashed because any information she has about the underlying FELA action is privileged and accordingly, not discoverable.  Defendants oppose the motion.

## DISCUSSION

Plaintiff argues that Bradshaw's subpoena should be quashed because any information Bradshaw would produce or testify to is protected under attorney-client privilege.  Defendants maintain that attorney-client privilege is "inapplicable under the current facts and circumstances." Defendants also argue that Plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 45(e).  The Court will first determine if an exception to attorney-client privilege exists.  Then, the Court will address whether Plaintiff has complied with Rule 45(e).

**I.  Attorney-Client Privilege**

A Court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii).  The attorney-client privilege is one of the oldest privileges, existing to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance

of law and administration of justice." *CKG, Inc. v. Budget Maint. Concrete SVC, Inc.*, No. 4:17CV00019 JLH, 2018 WL 5973510, at *2 (E.D. Ark. Nov. 14, 2018) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). The privilege survives even beyond the client's death. *Swidler & Berlin v. United States*, 524 U.S. 399, 407 (1998). In diversity cases, like this one, the state law supplying the rule of decision governs application of the privilege. *See* Fed. R. Evid. 501.

Under Arkansas law, a client "has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." Ark. R. Evid. 502(b). However, Arkansas recognizes six exceptions to attorney-client privilege. Ark. R. Evid. 502(d). Defendants argue that the exceptions codified at Arkansas Rules of Evidence 502(d)(3) and 502(d)(5) apply in this case.[1]

Upon consideration, the Court finds that neither of the exceptions cited by Defendants are applicable. Arkansas Rule of Evidence 502(d)(5) pertains to communications "relevant to a matter of common interest between or among two or more clients." Ark. R. Evid. 502(d)(5). Plaintiff was the only client in the underlying FELA actions, and thus, the Court finds that this exception to privilege does not apply.

Arkansas Rule of Evidence 502(d)(3) pertains to communications "relevant to an issue of breach of duty by the lawyer to his client or by the client to his lawyer." Ark. R. Evid. 502(d)(3). This rule operates as a self-defense exception and allows a lawyer to disclose privileged information to defend against claims made by a former client. *Corzine v. Forsythe*, 263 Ark. 161,

---

[1] Defendants cite to Arkansas Rules of Evidence 502(b)(3) and 502(b)(5). However, Arkansas Rule of Evidence 502(b)(3) and 502(b)(5) do not exist. That being said, Defendants make arguments appropriate for Arkansas Rules of Evidence 502(d)(3) and 502(d)(5). Accordingly, the Court will construe Defendants arguments as being made pursuant to Arkansas Rules of Evidence 502(d)(3) and 502(d)(5).

163, 563 S.W.2d 439, 440 (1978). Defendants argue that because this is a malpractice action, Bradshaw is free to testify about her representation of Plaintiff in the underlying FELA actions. This argument is misguided. This exception allows an accused attorney to disclose confidential information in his own defense but does not relieve another unimplicated attorney of his duty of confidentially. *See Cameron v. State*, No. CR 07-44, 2007 WL 2792429, at *2 (Ark. Sept. 27, 2007) (holding attorney is not bound by an obligation of secrecy when he is accused of a breach of duty to the client). In the present case, Bradshaw has not been accused of breaching any duty owed to Plaintiff. Moreover, the Court is unaware of any authority—and Defendants have citied none—showing that Arkansas Rule of Evidence 502(d)(3) can be used to relieve a third-party attorney of his duty of confidentiality. Therefore, the Court finds that Arkansas Rule of Evidence 502(d)(3) does not apply in this case.

In sum, the Court finds that neither of the exceptions to attorney-client privilege argued by Defendants are applicable.

**II. Federal Rule of Civil Procedure 45(e)**

The Court now addresses Defendants' argument that Plaintiff has failed to comply with Federal Rule of Civil Procedure 45(e).

Rule 45(e) requires that parties asserting privilege (1) expressly make the claim; and (2) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim. Fed. R. Civ. P. 45(e).

Defendants argue that Plaintiff has failed to adequately describe the nature of the information being sought. However, the Court finds that Plaintiff has provided sufficient information to assess the claim of privilege. Plaintiff has shown that he initially approached

Bradshaw and sought advice regarding a potential FELA claim, and that Bradshaw represented him in the beginning stages of his FELA litigation.  Moreover, Plaintiff has provided the Court with a copy of Bradshaw's subpoena which requires Bradshaw to produce her "complete file on Brian Skender for his 7-11-2019 FELA claim." (ECF No. 19, p. 6).  Information in this file would relate to her representation and communications with Plaintiff when he sought advice on how to proceed with his FELA claim.  Therefore, the Court finds that Plaintiff has complied with Rule 45(e).

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Objection and Motion to Quash Subpoena (ECF No. 19) should be and hereby is **GRANTED**.

**IT IS SO ORDERED**, this 25th day of February, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge