IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BRIAN SKENDER                                                                    PLAINTIFF

v.                              Case No. 1:17-cv-1025

C. MARSHALL FRIEDMAN, P.C.;
C. MARSHALL FRIEDMAN; and
KENNETH E. RUDD, jointly
and severally                                                                    DEFENDANTS

## ORDER

Before the Court is Defendants' Motion to Dismiss. (ECF No. 16). Plaintiff has filed a response. (ECF No. 21). Defendants have filed a reply. (ECF No. 24). The Court finds this matter ripe for consideration.

## BACKGROUND

This is an action for legal malpractice and fraud. Plaintiff was injured in a slip and fall accident on July 11, 2012, while employed by Union Pacific Railroad. In October of 2013, Plaintiff approached his personal attorney, Sandra C. Bradshaw, about bringing a Federal Employers Liability Act ("FELA") action against Union Pacific. Bradshaw represented Plaintiff in the incipient stages of litigation and eventually referred Plaintiff to Defendants—a St. Louis, Missouri, based law firm—because they are experienced in FELA litigation.

On October 19, 2015, Plaintiff's FELA action was dismissed with prejudice for insufficient process and insufficient service of process. More specifically, the FELA claim was dismissed because Defendants prepared a deficient summons. Defendants appealed the ruling, arguing that the dismissal should have been without prejudice. Defendants were successful on appeal and filed

another FELA action on Plaintiff's behalf.  This second FELA action was later dismissed with prejudice.

On March 31, 2017, Plaintiff commenced this action, alleging that Defendants committed legal malpractice and fraud when they failed to communicate to him that his case had been on appeal and that it was later dismissed with prejudice.  On February 11, 2018, Defendants filed the instant Motion to Dismiss, arguing that this action should be dismissed because the statute of limitations period ran before Plaintiff commenced this action.  Plaintiff opposes the motion, arguing that this action is timely and that in the alternative, that the statute of limitations was tolled due to Defendants' fraudulent concealment.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Court must accept as true all factual allegations set forth in the complaint, drawing all reasonable inferences in the plaintiff's favor.  *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).  "Determining

whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. In considering a motion to dismiss under Rule 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (internal citations and alterations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).[1]

## DISCUSSION

Defendants argue that this action should be dismissed because it was commenced after the applicable statute of limitations expired. In response, Plaintiff argues that he timely commenced this action because Defendants' alleged conduct amounts to an ongoing occurrence of malpractice. Alternatively, Plaintiff argues that the statute of limitations period was tolled because Defendants fraudulently concealed their alleged negligent conduct.

First, the Court must determine if this action is timely. If the Court determines that the limitations period expired before Plaintiff brought this action, the Court will then determine whether the statute of limitations was tolled due to fraudulent concealment.

---

[1] Because the pleadings in this case are closed, the Court construes Defendants' motion as being filed pursuant to Federal Rule of Civil 12(c). The standard for Rule 12(c) motions is the same as for motions made under Rule 12(b)(6). *Ashley Cnty., Ark.*, 552 F.3d at 665.

3

**I. Statute of Limitations**

The statute of limitations for legal malpractice in Arkansas is three years. ARK. CODE ANN. § 16-56-105(3). Arkansas follows the "occurrence rule" with respect to the commencement of the statute of limitations in legal malpractice cases. *Moix-McNutt v. Brown*, 348 Ark. 518, 521, 74 S.W.3d 612, 613 (2002). This rule provides that the statute of limitations applicable to a malpractice action begins to run, in the absence of concealment of the wrong, when the negligence occurs, and not when it is discovered. *Ragar v. Brown*, 332 Ark. 214, 964 S.W.2d 372 (1998). "This rule applies even when there is an interval between the allegedly tortious act and the damage suffered by the plaintiff." *Rice v. Ragsdale*, 104 Ark. App. 364, 368, 292 S.W.3d 856, 860-61 (2009).

This action was commenced on March 6, 2017. Defendants argue that the alleged negligent conduct—preparing a deficient summons—occurred on October 23, 2013, and that any malpractice action should have been filed on or before October 23, 2016. In response, Plaintiff argues that Defendants engaged in an ongoing pattern of malpractice over the course of the representation. Plaintiff contends that this pattern concluded on September 17, 2015, when the second FELA action was dismissed, and therefore this action is timely.

Upon consideration, the Court agrees with Defendants. Plaintiff alleges that Defendants filed the first FELA action on October 23, 2013. Plaintiff further alleges that Union Pacific answered affirmatively pleading deficient process and deficient service of process on November 25, 2013. Any negligence predicated on a defective summons prepared during this period is well outside the applicable three-year limitations period. By citing to the ongoing pattern of alleged malpractice, Plaintiff essentially asks the Court to adopt the "continuing-representation doctrine" or "termination of employment rule" of calculating whether an action is timely. *Ragar*, 332 Ark.

at 222, 964 S.W.2d at 376. The Arkansas Supreme Court has expressly rejected both of these approaches in legal malpractice cases. *Id.* Therefore, the Court finds that this action is time-barred unless fraudulent concealment is present, thereby tolling the limitations period.

**II.  Fraud and Fraudulent Concealment**

Because the Court has found that the limitations period expired before Plaintiff commenced this action, the Court now addresses Plaintiff's fraudulent concealment argument.

Under Rule 9(b)'s heightened pleading standard, "allegations of fraud, including fraudulent concealment for tolling purposes, [must] be pleaded with particularity." *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) (citing *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007)). Under Rule 9(b), a plaintiff must plead "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001) (internal citation and quotation omitted). In other words, the party must specify the "who, what, where, when, and how" of the alleged fraud. *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003). In order to toll a limitation period on the basis of fraudulent concealment, there must be: "(1) a positive act of fraud (2) that is actively concealed, and (3) is not discoverable by reasonable diligence." *Summerhill*, 637 F.3d at 880. "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Commercial Prop. Invs. Inc. v. Quality Inns Int'l Inc.*, 61 F.3d 639, 644 (8th Cir. 1995).

Upon consideration, the Court finds that Plaintiff has failed to meet the pleading standard set out in Rule 9(b). The Court has reviewed Plaintiff's Complaint in its entirety and can find no allegations that Defendants actively tried to conceal the status of Plaintiff's case or that Defendants

committed some other positive act of fraud.  Moreover, Plaintiff's only allegations which could be construed as fraudulent concealment are contained in a single sentence which states: "That Defendants never told Plaintiff that the case was dismissed at any point of the representation either in 2015 or 2016 which is in violation of the ethics rules for Arkansas Lawyers." (ECF No. 3, p. 2).  At most, Plaintiff alleges a continuation of a prior nondisclosure.  However, this is insufficient to suspend the running of the statute of limitations.  *Meadors v. Still*, 344 Ark. 307, 315, 40 S.W.3d 294, 301 (2001) (citation omitted).  Therefore, the Court finds that Plaintiff has failed to demonstrate that the statute of limitations was tolled due to fraudulent concealment.[2]

## CONCLUSION

For the foregoing reasons, the Court finds that Defendants' Motion to Dismiss (ECF No. 16) should be and hereby is **GRANTED**.  Accordingly, Plaintiff's Complaint is **DISMISSED WITHOUT PREDJUDICE**.[3]

**IT IS SO ORDERED**, this 12th day of April, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] Plaintiff also alleges a claim for fraud.  (ECF No. 1).  The pleading standard for fraud and fraudulent concealment for tolling purposes is the same.  *Summerhill*, 637 F.3d at 880.  Therefore, in light of the above ruling, the Court finds that Plaintiff has also failed to plead fraud with the particularity required by Rule 9(b).

[3] Plaintiff has filed a Motion to Supplement his response to Defendants Motion to Dismiss. (ECF No. 27).  The motion contains no argument or evidence to warrant a departure from the above ruling.  Therefore, Plaintiff's Motion to Supplement (ECF No. 27) is **DENIED AS MOOT.**